**CLD-006**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3224
_____

JAY L. THOMAS,
Appellant

v.

NOVA SOUTHEASTERN UNIVERSITY;
JOHN DOES 1-10; XYZ CORP 1-10
(hereafter collectively the defendants)

_____

Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 2-11-cv-02089)
District Judge:  Honorable William J. Martini

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 13, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

 Appellant Jay Thomas, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States

District Court for the District of New Jersey dismissing his complaint against Nova

1

Southeastern University. For the reasons that follow, we will affirm the judgment of the District Court.

Thomas alleged in his complaint that he was an online student at Nova Southeastern University for approximately ten days. Thomas stated that his enrollment agreement with Nova Southeastern provided for a tuition cost of $6,215.00, which was payable in the form of a student loan. Thomas further averred that, under the enrollment agreement, students shall receive a prorated refund of half the cost of tuition in the event of a withdrawal before the end of the sixth week of classes. Thomas stated that Nova Southeastern did not refund half the cost of his tuition, returned his loan proceeds to the lender, and charged him tuition in the amount of $7,768.75. Thomas brought claims against Nova Southeastern for breach of contract and violation of the Higher Education Act, 20 U.S.C. § 1070 et seq.

Nova Southeastern filed a motion to dismiss the complaint. Thomas then sought leave to file an amended complaint, in which he omitted his claim of a Higher Education Act violation and added a claim of breach of fiduciary duty.[1] The District Court agreed with Nova Southeastern that Thomas failed to state a claim for breach of fiduciary duty and dismissed his remaining claim for lack of subject matter jurisdiction because Thomas

---

[1]Nova Southeastern initially filed a motion to dismiss the original complaint. In response, Thomas sought leave to file an amended complaint but failed to file his proposed complaint in District Court. Nova Southeastern, who had been served a copy of the proposed complaint, moved to dismiss it out of an abundance of caution. Thomas then sought leave to file another amended complaint, which he filed. The District Court considered the original complaint and the proposed amended complaint filed with the court.

2

did not satisfy the amount in controversy requirement for diversity jurisdiction. This appeal followed.

The federal district courts have original diversity jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Whether a claim is for less than the jurisdictional amount depends on what damages a plaintiff could recover under state law. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993) (considering whether punitive damages were recoverable under state law to determine if amount in controversy requirement was met).

The District Court explained that Thomas claimed that he was owed half his tuition cost plus collection costs for a total of $4,551.25 in compensatory damages for breach of contract. Although he also claimed punitive damages, such damages are not recoverable under New Jersey law for breach of contract. Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1194 (3d Cir. 1993).[2] Thus, Thomas' breach of contract claim does not satisfy the amount in controversy requirement for diversity jurisdiction.

---

[2]The parties do not dispute the application of New Jersey law to Thomas' claims.

Thomas also brought a claim for breach of fiduciary duty, for which punitive damages may be recovered under state law, but the District Court granted Nova Southeastern's motion to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The District Court explained that Thomas and Nova Southeastern do not have the requisite relationship of trust and confidence that gives rise to a fiduciary duty under New Jersey law. See F.G. v. MacDonell, 696 A.2d 697, 703-04 (N.J. 1997). Thomas has not cited, nor have we found, any authority supporting the conclusion that Nova Southeastern owed Thomas a fiduciary duty under the circumstances of this case. Thus, this claim was properly dismissed.

The District Court correctly noted there is no basis for federal question jurisdiction. Thomas had initially claimed a violation of the Higher Education Act, but, as Thomas recognizes, he no longer seeks to pursue this claim. The District Court also acted within its discretion in declining to exercise any supplemental jurisdiction that may have been available. See 28 U.S.C. § 1367(c)(3).

Accordingly, because this appeal does not raise a substantial question, we will affirm the order of the District Court.[3]

---

[3]Thomas' motion to withdraw his appeal in order to file an amended complaint in District Court is denied. Our decision does not preclude Thomas from seeking relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b) in order to amend his complaint.